UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RONI ZOLA,

    Plaintiff,

v.                                                  Case No.:  2:21-cv-196-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## OPINION AND ORDER

Plaintiff Roni Zola seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a joint legal memorandum setting forth their respective positions. As explained below, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

### I. Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision

#### A. Social Security Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

#### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo standard. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin,* 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment,

then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform past relevant work, the ALJ must determine at step five whether the claimant's RFC permits her to perform other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), (g), 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove she is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

### C.     Procedural History

Plaintiff filed an application for a period of disability and disability insurance benefits on June 27, 2019, alleging disability beginning August 15, 2014. (Tr. 98, 182-84). Plaintiff later amended the alleged onset date to March 31, 2019. (Tr. 49-50). The application was denied initially and on reconsideration. (Tr. 98, 114). Plaintiff requested a hearing and a hearing was held on August 3, 2020, before Administrative Law Judge ("ALJ") Mario Silva. (Tr. 42-84). On September 1, 2020, the ALJ entered a decision finding Plaintiff not disabled from August 15, 2014, through the date of the decision. (Tr. 16-36).[1]

Plaintiff requested review of the hearing decision, but the Appeals Council denied Plaintiff's request on January 7, 2021. (Tr. 1-6). Plaintiff initiated the instant action by Complaint (Doc. 1) filed on March 8, 2021, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 19).

### D.     Summary of ALJ's Decision

In this matter, the ALJ found Plaintiff meets the insured status requirements of the Social Security Act through March 31, 2022. (Tr. 18). At step one of the

---

[1] While not material to the analysis, the ALJ acknowledged that Plaintiff alleged an amended onset date of March 31, 2019 at the outset of the decision, accepted this amendment, and adjudicated the claim from the amended alleged onset date. (Tr. 16). Nonetheless, in the conclusion, the ALJ found Plaintiff not under a disability from the original onset date of August 15, 2014. (Tr. 16, 36).

sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 31, 2019, the amended alleged onset date. (Tr. 18). At step two, the ALJ found that Plaintiff had the following severe impairments: "degenerative disc disease of the thoracic and lumbar spine, psoriatic arthritis, morbid obesity, sleep apnea, and degenerative joint disease of the bilateral hands and lower extremities." (Tr. 18). At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). (Tr. 23).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 [C.F.R. §] 404.1567(b) except lift and carry 20 pounds occasionally, lift and carry 10 pounds frequently; standing or walking limited to about six hours, sitting for up to six hours for a combined total of eight hours per day with normal breaks; never climb ladders, ropes, or scaffolds; occasionally climb ramps or stairs; occasionally balance, stoop, kneel, crouch, or crawl; use of the upper extremities is limited to frequent handling and fingering; no more than occasional bilateral use of foot controls; avoid all exposure to extreme temperatures, extreme heat, or extreme cold; no more than occasional exposure to no more than moderate levels of environmental irritants such as fumes, odors, dusts, or gases; and avoid all exposure to unprotected heights.

(Tr. 26).

At step four, the ALJ found that Plaintiff was able to perform her past relevant work as a director of research development, vice president of operations, administrative assistant, and supervisor, real estate. (Tr. 35). The ALJ determined that this work does not require the performance of work-related activities precluded by the RFC. (Tr. 35). The ALJ concluded that Plaintiff had not been under a disability from August 15, 2014, through the date of the decision. (Tr. 36).

## II.   Analysis

On appeal, Plaintiff raises two issues: (1) whether the ALJ's reasons for finding Dr. Hiester's opinion to be unpersuasive are supported by substantial evidence; and (2) whether the ALJ's reasons for finding Dr. Kibria's opinion to be unpersuasive are supported by substantial evidence. (Doc. 21, p. 11, 21).

The same legal standard applies to both opinions. The regulations for disability cases filed after March 27, 2017 – such as this one – changed and an ALJ no longer defers or gives any specific evidentiary weight to a medical opinion. 20 C.F.R. § 404.1520c(a), 20 C.F.R. § 416.920c(a). Thus, an ALJ no longer uses the term "treating source" and does not defer or give specific evidentiary weight, including controlling weight, to any medical opinion or prior administrative medical finding. *Torres v. Comm'r of Soc. Sec.*, No. 6:19-cv-1662-ORL-PDB, 2020 WL 5810273, at *2 (M.D. Fla. Sept. 30, 2020) (citing 20 C.F.R. § 404.1520c(a)).

Instead, an ALJ assesses the persuasiveness of a medical source's opinions given the following five factors, with the first two being the most important: (1) supportability; (2) consistency; (3) relationship with the claimant, including the length, frequency, and purpose of the examining and any treatment relationship; (4) specialization; and (5) other factors, such as the source's familiarity with other evidence concerning the claim, that tend to support or contradict the medical opinion. 20 C.F.R. § 404.1520c(a)-(c); 20 C.F.R. § 404.920c(a)-(c). An ALJ may but is not required to explain how he considers factors other than supportability and consistency, unless two or more opinions are equally persuasive on the same issue. 20 C.F.R. § 404.1520c(b)(2); 20 C.F.R. 416.920c(b)(2).

For supportability, the revised rules provide: "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1); 20 C.F.R. § 416.920c(c)(1). For consistency, the revised rules provide: "The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(2); 20 C.F.R. § 416.920c(c)(2).

The new regulations also differentiate between medical opinions and "other medical evidence." 20 C.F.R. § 404.1513(a)(2)-(3). "A medical opinion is a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions" in the abilities listed in paragraphs (a)(2)(i) through (iv). 20 C.F.R. § 404.1513(a)(2). "Other medical evidence is evidence from a medical source that is not objective medical evidence or a medical opinion, including judgments about the nature and severity of your impairments, your medical history, clinical findings, diagnosis, treatment prescribed with response, or prognosis." 20 C.F.R. § 404.1513(a)(3).

### A.     Dr. Hiester's Opinion

Plaintiff's primary care provider, Erik Hiester, DO., treated Plaintiff from March 2017 and diagnosed her with psoriatic arthritis, depression, hypertension, chronic fatigue, memory loss, speech difficulties, fibromyalgia, rheumatoid arthritis, low back pain – disc pathology, obesity, and allergies. (Tr. 684). He noted Plaintiff's symptoms as extreme fatigue, chronic low back pain, hand pain, foot pain, sweating, cognitive impairments, dry eye, depressed mood, and anxiety. (Tr. 684). The ALJ generally summarized Dr. Hiester's treating records and his Physical Medical Source Statement. (Tr. 28-30, 33-34). Of import in the Physical Medical Source Statement, the ALJ noted that Dr. Hiester found Plaintiff: could walk less than one

city block without rest or severe pain; could sit or stand for 5 to 10 minutes at one time, and sit, stand, or walk for less than 2 hours each in an 8-hour workday; required shifting of positions at will; needed to include periods of walking around every 5 to 10 minutes for 5 minutes; required unscheduled breaks after 5 to 10 minutes of working for 2 to 3 hours; could rarely lift less than 10 pounds and never more weight; could never twist, stoop, crouch, squat, or climb; could perform bilateral grasping 0 percent of the time, 50 percent of the time bilateral fine manipulation, 5 percent of the time reaching bilaterally, and 0 percent of the time reaching overhead; would be off task 25 percent or more per workday; was incapable of even low stress work; would likely have no good days; and would miss work more than 4 days per month. (Tr. 33, 684-87).

The ALJ did not find Dr. Hiester's opinion persuasive. (Tr. 33). He determined that Dr. Hiester's opinion was markedly unsupported by his own objective findings and markedly inconsistent with the overall evidence of record, and then provided these examples and reasons for each.

<u>Unsupported</u>

- Dr. Hiester's "opinion is markedly unsupported by his own objective examinations as evidenced by his generally essentially normal objective examinations except for findings related to her lumbar spine and obesity with pertinent findings such as no focal neurologic deficits, intact sensory exam, normal motor strength, normal upper and lower extremities, 2+ deep tendon reflexes, decreased range of motion with her lumbar spine in mid-2019."

- Dr. Hiester's "opinion is also markedly unsupported by his October 2019 examination [in] which he found that the claimant was essentially normal in all aspects including a normal gait, normal motor strength, no tenderness, and normal ranges of motion, as above."

- "Further, his opinion is markedly unsupported by his June 2020 examination which he again found that the claimant was essentially normal in all aspects except for findings related to her lumbar spine, as above."

- "To the extent that Dr. Hiester's opinion is based, at least in part, on the physical therapy examinations in late 2019, the undersigned does not find this support persuasive because it was only an isolated and very brief period and not based on a longitudinal review of the claimant's objective records performed by an unacceptable medical source."

<u>Inconsistent</u>

- "His opinion is also generally inconsistent with the opinions of the state agency reviewing medical consultants which the undersigned finds more persuasive because they reviewed the claimant's longitudinal objective evidence."

- "Moreover, his opinion is generally inconsistent with the findings by the consultative neurologist Dr. Kibria, who found, in part, that the claimant had 5/5 motor strength in all extremities including handgrips, normal gait, normal station, no evidence of weakness in any muscle group, and no difficulty using her hands, as more detailed above, with overall findings generally consistent with the performance of light work rather than an inability to perform any work at all."

- "His opinion is generally inconsistent with the essentially normal objective examination by pulmonologist Dr. Valle Giler."

- "Furthermore, his opinion is generally inconsistent with the objective examination by neurosurgeon Dr. Valle Giler who found that the claimant had 5/5 bilateral upper and lower extremity strength, intact sensation, and normal tenant gait, 2+ reflexes, and a negative bilateral straight raise test."

- "His opinion is also generally inconsistent with the objective examinations by the claimant's treating rheumatologist nurse practitioner Ms. Smith, who generally found that the claimant was in no acute distress, did not appear

- uncomfortable, was well appearing, had a normal gait and stance, normal spine, normal bilateral upper extremities, essentially normal lower bilateral extremities except that her bilateral feet were indicated, and otherwise essentially normal throughout a few visits from March to April 2020."

- "Further, his opinion is generally inconsistent with the medical imaging of the claimant's bilateral lower extremities that are nonetheless consistent with her ability to perform light work pursuant to the residual functional capacity finding, as detailed above, rather than an inability to perform all work as opined."

- "His opinion is generally inconsistent with the claimant's bilateral hand x-rays from 2020 and lumbar spine imaging from 2019 that generally indicate mild to no more than moderate degenerative changes."

- "Finally, his opinion is generally inconsistent with the claimant's high functioning activities of daily living like riding a bike, driving alone, cooking at least simple meals, watching television, reading, and swimming."

(Tr. 33-34).

Plaintiff argues the ALJ erred by determining the objective examination findings were not markedly inconsistent with Dr. Hiester's opinion. (Doc. 21, p. 12). Plaintiff then cites some objective testing that may support her position. (Doc. 21, p. 12-13). But the issue is whether substantial evidence supports the ALJ's decision. Here, the ALJ determined that Dr. Hiester's own objective findings and examinations, which showed generally normal findings, did not support the extreme limitations in his opinion. The ALJ provided many substantial reasons supported by the evidence, as shown above, why he found Dr. Hiester's opinion unsupported by his own treatment records.

Next Plaintiff argues that the ALJ erred in finding Dr. Hiester's opinion unpersuasive by comparing it to the state-agency medical consultants who found Plaintiff capable of performing a range of light work. (Doc. 21, p. 13). Plaintiff argues that neither of these consultants examined Plaintiff, and they did not have the opportunity to review the most recent evidence in the record. (Doc. 21, p. 13). Plaintiff thus claims it was improper for the ALJ to rely on these opinion when he rejected Dr. Hiester's opinion. (Doc. 21, p. 13). Contrary to Plaintiff's argument, the new regulations do not give specific evidentiary weight to a treating source and also task an ALJ with considering other medical and nonmedical sources. 20 C.F.R. § 404.1520c(a). And the more consistent these other sources are with the opinion at issue the more persuasive the medical opinion will be. *Id.* The ALJ properly considered the consistency of the state-agency consultants' findings with Dr. Hiester's opinion when determining Dr. Hiester's opinion lacked persuasiveness.

Lastly, Plaintiff argues that the ALJ erred by drawing a negative inference from Plaintiff's daily activities. (Doc. 21, p. 13). Plaintiff claims that her daily activities were much more limited than the ALJ suggested. (Doc. 21, p. 13-14). She claims that she could only prepare simple meals and clean only sporadically. (Doc. 21, p. 13-14). In the decision, the ALJ noted that Plaintiff could cook at least simple meals, but also noted that Plaintiff rode a bike, drove alone, watched television, read

and swam. (Tr. 34). These activities support the ALJ's finding that Dr. Hiester's opinion was inconsistent with Plaintiff's high functioning activities of daily living.

Further, even if the evidence preponderates against the Commissioner's decision, the Court must affirm if substantial evidence supports the Commissioner's decision. *Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1320 (11th Cir. 2021). Plus, the Court may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner. *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014). While Plaintiff cites some evidence that may support finding Dr. Hiester's opinion persuasive, Plaintiff must do more than point to evidence in the record that supports her allegations. *Sims v. Comm'r of Soc. Sec.*, 706 F. App'x 595, 604 (11th Cir. 2017). She must show the absence of substantial evidence supporting the ALJ's conclusion. *Id.* Here, the ALJ listed many reasons to support his decision to find Dr. Hiester's opinion inconsistent with his own records and unsupported by medical and other evidence of record. These reasons constitute substantial evidence in support of the ALJ's determination that Dr. Hiester's opinion is unpersuasive. Further, the ALJ applied the correct legal standard in consideration of this opinion.

### B. Dr. Kibria's Opinion

Neurologist Eshan M Kibria, DO, performed a consultative examination of Plaintiff on September 23, 2019. (Tr. 547-551). The ALJ did not find Dr. Kibria's

opinion persuasive as to his findings that Plaintiff could not multitask anymore and had occasional word-finding difficulties. (Tr. 34). The ALJ provided these examples and reasons for finding Dr. Kibria's opinion unsupported by his own examination findings and inconsistent with the other medical and nonmedical sources.

<u>Unsupported</u>

- The terms "cannot do multitasking anymore" and "has occasional word finding difficulty" were "not phrased in vocationally relevant terms."

- Dr. Kibria's "opinion is generally unsupported by his own objective findings when he found that the claimant was informative, pleasant, cooperative, and had intact work[-]related mental activities understanding, memory, concentration, social interaction, and adaptation, as well as that she related historical events in a coherent and organized manner with a normal fund of general information and normal speech pattern."

<u>Inconsistent</u>

- "His opinion is also generally inconsistent with the opinions of the state agency reviewing psychologists at initial and reconsideration [who] opined that the claimant did not have a severe mental impairment."

- "His opinion is also generally inconsistent with the objective psychiatric findings by Dr. Hiester, who generally found that she was essentially normal psychiatrically."

- "His opinion is further generally inconsistent with the findings by the claimant's treating psychiatrist Dr. Madia, who generally found that the claimant was essentially normal psychiatrically except for findings like mildly depressed mood and mildly constricted affect and that her depression was in partial to full remission."

- "Finally, his opinion is generally inconsistent with the claimant's high functioning activities of daily living like riding a bike, driving alone, cooking at least simple meals, shopping online, watching television, reading, and swimming."

(Tr. 34-35).

Plaintiff quibbles with the ALJ's statement that Dr. Kibria did not use "vocationally relevant terms." (Doc. 21, p. 22). Dr. Kibria found Plaintiff could not multitask anymore and had occasional word finding difficulties. As the ALJ noted, these terms do not easily translate into what exactly Plaintiff can do despite these alleged impairments. *See* 20 C.F.R. § 404.1513(a)(2). As a result, they may not constitute an opinion. But even if the ALJ erred with this statement, the ALJ provided many other reasons and examples in finding Dr. Kibria's opinion unpersuasive.

As with Dr. Hiester's opinion, Plaintiff cites some records that might support Dr. Kibria's opinion. (Doc. 21, p. 22-23). But again the issue is whether substantial evidence supports the ALJ's decision. Here, the ALJ determined that Dr. Kibria's own objective findings and examinations – which showed Plaintiff had a generally normal memory, was coherent, and had organized speech, as well as other findings – did not support his finding that she could not multitask and had occasional word finding difficulty. These reasons bolster the ALJ's finding that Dr. Kibria's opinion is not supported by his own examination records.

Plaintiff also argues that the ALJ erred in suggesting that Plaintiff's daily activities were inconsistent with Dr. Kibria's opinion. (Doc. 21, p. 23). Plaintiff claims that none of her daily activities contradicted Dr. Kibria's findings as to

multitasking. (Doc. 21, p. 23). Arguably, at least some of her activities, such as bike riding and driving, do require multitasking. But even if her daily activities were not inconsistent with Dr. Kibria's findings, the ALJ supplied many other reasons for finding Dr. Kibria's opinion inconsistent with other evidence of record. These reasons included Dr. Kibria's opinion being generally inconsistent with state agency reviewing psychologists' opinions, Dr. Hiester's objective psychiatric findings, and records from Plaintiff's treating psychiatrist Brandon A. Madia, DO. (Tr. 34-35).

Finally, Plaintiff argues that the ALJ evaluated Dr. Kibria's opinion in an inconsistent way. (Doc. 21, p. 23). Plaintiff claims that he cited Dr. Hiester's findings or report – which he found unpersuasive – in support of finding Dr. Kibria's opinion unpersuasive. (Doc. 21, p. 23). The Court finds no error. The ALJ relied on certain normal physical findings by Dr. Kibria in finding Dr. Hiester's opinion unpersuasive and likewise relied on certain normal mental findings by Dr. Hiester in finding Dr. Kibria's opinion unpersuasive.

As with the ALJ's evaluation of Dr. Hiester's opinion, even if the evidence preponderates against the Commissioner's decision, the Court must affirm if substantial evidence supports the Commissioner's decision. *Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1320 (11th Cir. 2021). While Plaintiff cites some evidence that supports finding Dr. Kibria's opinion persuasive, Plaintiff must do more than point to evidence in the record that supports her allegations. *Sims v.*

*Comm'r of Soc. Sec.*, 706 F. App'x 595, 604 (11th Cir. 2017). She must show the absence of substantial evidence supporting the ALJ's conclusion. *Id.* Here, the ALJ listed many reasons to support his decision to find Dr. Kibria's opinion as to multitasking and difficulty finding words inconsistent with his own evaluation and unsupported by medical and other evidence of record. And these reasons constitute substantial evidence in support of the ALJ's determination to find Dr. Kibria's opinion unpersuasive. In addition, the ALJ applied the correct legal standard in consideration of this opinion.

## III.   Conclusion

For the reasons discussed above, the Court finds that the decision of the Commissioner is supported by substantial evidence and the Commissioner applied the correct legal standard. The decision of the Commissioner is **AFFIRMED**. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate all deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on August 1, 2022.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties